```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No.: 8:18-cr-564-VMC-AAS

ROBERT LEE WARD
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Robert Lee Ward's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. # 474), filed on October 13, 2023. The United States of America responded on October 25, 2023. (Doc. # 475). For the reasons that follow, the Motion is denied.

I.  **Background**

Ward was charged with conspiracy to distribute a mixture and substance containing a detectable amount of cocaine (Count One) and tampering with an informant by killing (Count Two). (Doc. # 1). The Court conducted a jury trial in this case from February 7, 2022, until February 18, 2022. On February 18, 2022, the jury found Ward guilty of both counts. (Doc. # 297). Ward then filed under seal a renewed motion for judgment of acquittal and, in the alternative, motion for new trial. (Doc. # 307). The Court denied Ward's motion for

1

judgment of acquittal but granted Ward's motion for new trial as to both Count One and Count Two on November 10, 2022. (Doc. # 375). The United States then moved for rehearing as to Count One (Doc. # 390), and the Court granted that motion, thereby ruling that the jury's verdict on Count One stood. (Doc. # 409).

The retrial as to Count Two, the tampering with an informant by killing charge, was held between September 25 and 29, 2023. On September 29, 2023, the jury found Ward guilty of Count Two. (Doc. # 468).

Now, Ward seeks a judgment of acquittal or, alternatively, a new trial. (Doc. # 474). The United States has responded (Doc. # 475), and the Motion is ripe for review.

## II.  Legal Standard

A motion for acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'" United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (M.D. Ga. 2005) (quoting United States v. Miranda, 425 F.3d 953, 963 (11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of

the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998) (citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

Under Federal Rule of Criminal Procedure 33(b)(2), the Court is empowered to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. Outside the context of claimed newly discovered evidence, this standard is broad, and the decision to grant a new trial is within the sound discretion of the trial court. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).

"If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. (internal quotation marks omitted). The Court may follow this course even if the evidence is legally sufficient to sustain the verdict. Id. Similarly, the Court may grant a motion for new trial even where the defect does not constitute reversible error, or even legal error at all. United States v. Vicaria, 12 F.3d 195, 198 (11th Cir. 1994).

However, "[m]otions for new trial are disfavored," and the Eleventh Circuit has "directed that district courts grant them only in those really exceptional cases, when [t]he evidence . . . preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Lopez, 652 F. App'x 891, 898 (11th Cir. 2014) (internal quotation marks omitted).

### III. Analysis

#### A. Motion for Judgment of Acquittal

First, Ward renews his motion for judgment of acquittal and "renews all prior arguments concerning the sufficiency of the evidence as to all counts." (Doc. # 474 at 3).

This request is denied. Taking all evidence in the light most favorable to the government, the evidence was sufficient to allow a jury to find guilt beyond a reasonable doubt. This evidence includes that the victim, Kristopher Smith, was an informant for law enforcement regarding Ward's drug trafficking conspiracy. Importantly, Dalton McGriff testified that Ward knew the victim was an informant. James Broomfield testified that Ward hired him to murder Smith because Smith was an informant. Broomfield further testified that he did kill Smith at Ward's behest, for which Ward paid him a portion

4

of the amount owed. Additionally, James Broomfield's mother and sister testified that they also retrieved money from Ward to give to James Broomfield sometime after the murder.

The Motion is denied to the extent it seeks a judgment of acquittal.

### B.     Motion for New Trial

Ward alternatively asserts that a new trial is warranted because the weight of the evidence preponderates against conviction. He argues that "[t]he only evidence concerning Ward's involvement in the killing of Kristopher Smith was the highly suspect testimony of a cooperating witness, James Broomfield," and that "testimony was full of prior inconsistent statements and unsupported by the technology allegedly used in the offense but not produced as evidence such as cell phone and Facebook records." (Doc. # 474 at 4-5). According to Ward, "[w]hen the court weighs the credibility of Broomfield and lack of other sufficient evidence of Ward involved [sic] in [the] murder of Kristopher Smith[,] the evidence preponderates heavily against the verdict [such] that a serious miscarriage of justice may have occurred and the Court should grant the motion for a new trial." (Id. at 5-6); see also United States v. Moore, 76 F.4th 1355, 1363 (11th Cir. 2023) (noting that a "Rule 33(a)

5

motion for a new trial is different [than a Rule 29(a) motion for judgment of acquittal] because the district court may weigh the evidence and consider the credibility of the witnesses." (citation and internal quotation marks omitted)).

The Court disagrees. While the testimony of James Broomfield was instrumental to establishing Ward's connection to the murder, it was not the sole evidence against Ward. Again, other evidence established that Kristopher Smith was part of Ward's trafficking organization and had become a confidential informant. And the testimony of Dalton McGriff corroborated James Broomfield's testimony that Ward knew Smith had been approached by law enforcement to serve as an informant, thus endangering Ward's drug trafficking operation. Likewise, the testimony of James Broomfield's mother and sister corroborated that sometime after the murder Ward gave them cash to be given to James Broomfield.

Even putting aside this other evidence and focusing solely on the testimony of James Broomfield, the Court does not find that James Broomfield's testimony was so incredible or inconsistent as to justify setting aside the jury's verdict. Ward's counsel ably attempted to impeach James Broomfield for the inconsistencies between his various

6

statements to law enforcement on certain details.[1] The jury was able to assess James Broomfield's testimony and make its own credibility determination. See Moore, 76 F.4th at 1364 ("Whether we are reviewing a district court's denial of a judgment of acquittal or denial of a new trial, we have recognized the essential role of the jury in making credibility determinations. Credibility determinations are given great weight in both contexts."). Furthermore, based on the Court's own assessment during trial, James Broomfield's testimony was not incredible; rather, he testified convincingly and provided explanations for any seeming inconsistencies. Thus, this is not an exceptional case in which the Court must set aside the jury's verdict to prevent a miscarriage of justice.

In short, the evidence produced at trial does not preponderate heavily against the verdict. No new trial is warranted. The Motion is denied as to the request for new trial.

Accordingly, it is

---

[1] The Court notes that James Broomfield has not provided inconsistent statements to law enforcement or the Court regarding why he killed Kristopher Smith or who hired him to do so. He has remained adamant that Ward hired him to kill Smith because Smith was believed to be an informant.

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Robert Lee Ward's Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. # 474) is **DENIED** in its entirety.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of October, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE